THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS A. RIVERA, Defendant-Appellant.

Second District   No. 2—01—1207

Opinion filed August 20, 2003.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Gunta Z. Hadac, of Grayslake, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Carlos Rivera, appeals the circuit court's order summarily dismissing his petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). Defendant contends that the petition states a valid claim that he was deprived of the effective assistance of counsel when his lawyer did not heed his request to appeal. We reverse and remand.

Defendant pleaded guilty to aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 2000)). A plea agreement called for a sentence cap of five years. After hearing the factual basis, the trial court accepted the plea and sentenced defendant to three years' imprisonment. The court later granted defendant's motion to reconsider the sentence and resentenced him to 4 years' probation, including 20 months' periodic imprisonment.

Defendant did not file a direct appeal. However, on July 25, 2001, he filed a postconviction petition. Defendant asserted that he was deprived of the effective assistance of counsel when his lawyer did not perfect an appeal after defendant asked him to do so. The petition also alleged that a felony charge was not appropriate to the facts of the case, that a sentence of more than one year of periodic imprisonment was illegal, and that he did not receive day-for-day credit to which he was entitled.

The trial court summarily dismissed the petition, but ordered that defendant receive credit against his periodic imprisonment term for time he spent in jail. Defendant timely appealed.

Defendant argues that the trial court erred in summarily dismissing his petition because it stated the gist of a constitutional claim of ineffective assistance of counsel. He contends that counsel's failure to perfect a direct appeal after defendant asked him to do so amounts to *per se* ineffective assistance.

■ The Act provides a procedural mechanism for a criminal defendant to assert that he was deprived of a constitutional right during the proceedings resulting in his conviction. *People v. Enis*, 194 Ill. 2d 361, 375-76 (2000). A postconviction proceeding is a collateral attack on the conviction and is not intended to relitigate a defendant's guilt or innocence. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). A defendant is not entitled to an evidentiary hearing unless the petition's allegations, supported by the trial record and any accompanying affidavits, make a substantial showing of a constitutional violation. *Enis*, 194 Ill. 2d at 376. A ruling on the sufficiency of defendant's allegations is a legal determination and, therefore, our review is *de novo. People v. Coleman*, 183 Ill. 2d 366, 378 (1998).

■ In *People v. Edwards*, 197 Ill. 2d 239, 253 (2001), the court held

that defense counsel was ineffective for ignoring the defendant's instructions to appeal, even though the defendant had pleaded guilty and did not identify a specific issue he wished to raise. A defendant whose lawyer fails to perfect an appeal does not have to show prejudice beyond the fact that he lost his right to appeal. *People v. Swanson*, 276 Ill. App. 3d 130, 132 (1995). Here, as in *Edwards* and *Swanson*, defendant alleges that he requested an appeal but his lawyer did not take the necessary steps to perfect one.

■ The State first contends that defendant waived this issue because the record on appeal does not contain a transcript from a hearing held on October 12, 2001, at which the trial court disposed of defendant's petition. However, the minute order from that date states that only the trial judge was present and the matter was "STRICKEN FROM CALL." Thus, it is apparent that no hearing occurred on that date.

■ The State's response on the merits is difficult to follow. The State repeatedly refers to defense counsel's statement that they "have been able to provide a certificate pursuant to [Supreme Court Rule] 604(d)." See 188 Ill. 2d R. 604(d). The State does not provide a record citation for this statement (see 188 Ill. 2d R. 341(e)(7)) but presumably intends to refer to a statement in the motion to reconsider the sentence. The significance of this statement is not apparent. There is no dispute that defense counsel filed a motion to reconsider the sentence. Despite the ambiguous reference in the motion, no Rule 604(d) certificate appears in the record on appeal. However, because defendant's plea was partially negotiated, a motion to reconsider the sentence was improper and did not preserve defendant's right to appeal. See *People v. Linder*, 186 Ill. 2d 67, 74 (1999). Thus, whether or not defense counsel filed a Rule 604(d) certificate in conjunction with the motion to reconsider the sentence simply has no bearing on whether counsel perfected defendant's appeal.

Citing *People v. Lemons*, 242 Ill. App. 3d 941, 946 (1993), the State argues that the petition fails to state "sufficient facts" from which a constitutional claim can be found. However, in *Edwards*, the supreme court held that a petition need only state the "gist" of a constitutional claim. *Edwards*, 197 Ill. 2d at 244. The court held that the *Lemons* "sufficient facts" test is "at odds with this court's holdings and should be avoided." *Edwards*, 197 Ill. 2d at 244. The State does not contend that the petition fails to state the gist of a constitutional claim.

The State also appears to argue that defendant did not file an affidavit in support of his allegation that he asked his lawyer to appeal. See 725 ILCS 5/122—2 (West 2000). Other than the overruled appellate court decision in *Lemons*, the State cites no authority for its

contention that the absence of an affidavit is fatal to a postconviction petition. In *People v. Boclair*, 202 Ill. 2d 89, 99-100 (2002), the court stated that at the first stage of postconviction review:

> "The circuit court is required to make an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. The court is further foreclosed from engaging in any fact finding or any review of matters beyond the allegations of the petition. *People v. Coleman*, 183 Ill. 2d 366 (1998).
>
> To survive dismissal at this stage, the petition must only present 'the gist of a constitutional claim.' " *Boclair*, 202 Ill. 2d at 99-100, quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

Requiring the circuit court at the first stage to examine the petition's evidentiary support would require the court to "review *** matters beyond the allegations of the petition." *Boclair*, 202 Ill. 2d at 99.

Although the State does not cite it, *People v. Collins*, 202 Ill. 2d 59 (2002), held that the circuit court properly dismissed at the first stage a petition that was not accompanied by affidavits. *Collins*, 202 Ill. 2d at 66. In a strongly worded dissent upon denial of rehearing, Justice McMorrow, joined by Justice Freeman, argued that *Collins* is completely inconsistent with *Boclair* and that *Boclair*, as the later decision, should be followed. *Collins*, 202 Ill. 2d at 75-83 (McMorrow, J., dissenting, joined by Freeman, J.). However, assuming that *Collins* remains viable, it is distinguishable from this case.

Section 122—2 of the Act provides that a petition be accompanied by "affidavits, records, or other evidence supporting its allegations." 725 ILCS 5/122—2 (West 2000). The requirement of "affidavits, records, or other evidence" is stated with the disjunctive word "or." Therefore, any one of the three forms of proof will suffice. See *People v. Roake*, 334 Ill. App. 3d 504, 511 (2002). In *Collins*, the only attachment to the petition was a verification page without reference to any statutory provision (*Collins*, 202 Ill. 2d at 62), which the court held did not meet the affidavit requirement of section 122—2 (*Collins*, 202 Ill. 2d at 66-67). Here, the petition is accompanied by a certification that references "Section 1—109 of the Code of Civil Procedure." Said section provides in part, "Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with *the same force and effect as though subscribed and sworn to under oath*" (emphasis added) (735 ILCS 5/1—109 (West 2000)). Thus, this certification is at least the equivalent of an affidavit, unlike the verification contained in *Collins*. Furthermore, records in the form of docket entries show that neither a motion to withdraw the plea nor a notice of appeal was filed. Thus, defendant at least

nominally satisfied the requirement of attaching records to support his allegations. *Collins* does not hold that each and every allegation in a petition must have evidentiary support.

The only material allegation not supported by affidavits (although equivalently certified) or other documents is that defendant specifically requested an appeal. However, such an allegation is not necessarily critical to a claim of ineffective assistance of counsel. In *Roe v. Flores-Ortega*, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), the Supreme Court held that a lawyer has an affirmative duty to consult with a client about an appeal if there is reason to think either that a rational defendant would want to appeal or that the particular defendant reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480, 145 L. Ed. 2d at 997, 120 S. Ct. at 1036; see also *Edwards*, 197 Ill. 2d at 250.

Here, there is at least a factual issue whether defendant asked his lawyer to perfect an appeal or whether a reasonable defendant would have wanted to appeal under the circumstances. Although defendant pleaded guilty and had his sentence reduced to probation, he still has a felony conviction and received a lengthy term of periodic imprisonment. On this record, we cannot say that a reasonable defendant would not have wanted to appeal. Therefore, we remand this cause to the trial court with directions to appoint counsel for defendant.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings pursuant to the Act.

Reversed and remanded with directions.

HUTCHINSON, P.J., and McLAREN, J., concur.