No. 2--08--0008     Filed:  12-15-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 97--CF--3161 |
| JERMAINE USHER, | ) ) | Honorable John T. Phillips, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Following a bench trial, defendant, Jermaine Usher, was convicted of armed violence (720 ILCS 5/33A--2 (West 1996)) and sentenced to 40 years' imprisonment.  He subsequently filed a petition under the Post-Conviction Hearing Act **(Act)** **(725 ILCS 5/122--1** et seq. **(West 2006))**, alleging, among other things, that his trial counsel was ineffective for failing to file a notice of appeal.  The trial court summarily dismissed defendant's petition, and defendant contests this first-stage dismissal on appeal.  We reverse and remand.

## I.  BACKGROUND

Defendant was charged initially with armed violence, aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 1996)), aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(2) (West 1996)), and aggravated battery (720 ILCS 5/12--4(a) (West 1996)).  The charges stemmed from the drive-by shooting of

Noble Blanchard on November 20, 1997, in North Chicago. Blanchard was sitting in the passenger seat of a car driven by Karinder Gordon. At defendant's bench trial on August 18, 1998, both Blanchard and Gordon testified that they saw defendant leaning out of the driver's side window of a black car, holding a gun. The men ducked and heard shots. A bullet went through the rear window of the car Gordon was driving and struck Blanchard in the back of the head. Defendant presented three witnesses who testified that although defendant was in the vicinity of the shooting and was driving a black car, he was not the person who shot Blanchard, because either he was with the witnesses or they could see him driving off when they heard the gunshots. The trial court found defendant guilty of all four counts.

On September 2, 1998, defendant filed a motion for a new trial, and on January 8, 1999, he filed a supplemental motion for a new trial. On June 4, 1999, after defendant presented additional witnesses' testimony, the trial court denied the motion. Defendant was eligible for an extended term of imprisonment based on a prior conviction, and on June 18, 1999, the trial court sentenced him to 40 years' imprisonment for the armed violence charge, finding that the remaining charges merged. The trial court then admonished defendant regarding his right to appeal.

On July 7, 1999, defendant filed a motion for a new trial and to reconsider his sentence. On August 23, 1999, trial counsel informed the trial court that after researching the issue and speaking with defendant's mother, he had decided to withdraw the motion to reconsider the sentence because he had no basis for asking the trial court to reduce the sentence other than mercy. Trial counsel admitted that he had not discussed withdrawing the motion with defendant, so the trial court ordered him to consult with defendant before withdrawing the motion. On August 27, 1999, trial counsel stated that he would go ahead with the motion because he had been unable to reach defendant. The trial court denied the motion.

Several years later, in July 2004, defendant wrote a letter to the court clerk, stating, "PLEASE BE ADVISED that I am trying to ascertain the current status of my notice of appeal." On January 3, 2005, the trial court ordered the clerk to send a letter notifying defendant that there was no notice of appeal on file. In December 2005, defendant wrote another letter to the court clerk, which asked "[h]ow to get a late notice of appeal accepted in to [sic] the courts, Being [sic] that it is not my fault why I have not fild [sic] a [sic] appeal yet!" The trial court treated this as a motion and denied it on December 21, 2005.

On February 14, 2006, defendant filed a pro se petition for relief from judgment under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2006)). He alleged, among other things, that his trial counsel waived his right to appeal and that "trial counsel didn't attacked [sic] this issue [of newly discovered evidence] in the appellate court to determine if this ruling denieing [sic] the motion for a new trial could withstand a due process test." The State filed a response, and in defendant's July 2006 reply, he stated that trial counsel "refused/failed or did NOT know how to perfect my appeal in this case."

On October 31, 2006, attorney James Schwarzbach entered an appearance on defendant's behalf. He filed a postconviction petition for defendant on May 30, 2007. In it, he alleged, among other things, that trial counsel was ineffective in that he "failed to file a notice of appeal, or to perfect the Defendant's appeal rights after the denial of Defendant's motion for reconsideration of sentence." He further alleged that: (1) defendant "was not properly advised by either the Court or his trial attorney of his appeal rights"; (2) "trial counsel failed to file a timely notice of appeal; and, in fact, a notice of appeal was never filed"; (3) defendant "made consistent efforts to ascertain the status of his appeal, in the belief that his appellate rights had been perfected; and sought notification from the court as to the status of his appeal"; and (4) defendant "at all times prior to January 2005 was led to believe that a notice of appeal, and appeal had been filed in his

case." Attachments to the petition included a January 3, 2005, letter from the court clerk stating that in response to defendant's letter regarding the status of his appeal, the trial court had reviewed his file and determined that no notice of appeal had been filed.

At a hearing on June 28, 2007, attorney Schwarzbach informed the trial court that the postconviction petition was brought independently of defendant's section 2–1401 petition and was not meant to supersede it. The trial court said it would continue the section 2–1401 petition while it considered the postconviction petition.

In a written order entered on August 21, 2007, the trial court summarily dismissed defendant's postconviction petition as frivolous and patently without merit. Regarding the issue of the failure to file a notice of appeal, the trial court stated that defendant was advised of his appeal rights when he was sentenced, so he could not claim that he was not aware of his ability to file an appeal. The trial court further stated that defendant merely alleged that no appeal was filed and did not allege that he instructed his attorney to file an appeal. The trial court also ruled that defendant failed to include a supporting affidavit regarding whether he had asked his attorney to file an appeal.

On September 19, 2007, attorney Schwarzbach filed a motion to reconsider the dismissal of the postconviction petition or, alternatively, to grant leave to file additional affidavits. He argued that the trial court should construe defendant's pro se section 2–1401 petition and July 2006 reply to the State's response as verification or affidavits in support of the postconviction petition. The trial court denied the motion on December 27, 2007, and defendant timely appealed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by summarily dismissing his postconviction petition, because he stated the gist of a constitutional claim of ineffective assistance

of counsel. The Act creates a three-stage process for the adjudication of postconviction petitions in noncapital cases. People v. Harris, 224 Ill. 2d 115, 125 (2007). In the first stage, the trial court independently determines, without input from the State, whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2006); People v. Boclair, 202 Ill. 2d 89, 99 (2002). A petition is frivolous or patently without merit only if it has no arguable basis in law or fact. People v. Hodges, 234 Ill. 2d 1, 16 (2009). This is true if the petition is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record, or a fanciful factual allegation. Hodges, 234 Ill. 2d at 16-17. At the first stage, the petition's allegations, liberally construed and taken as true, need to present only "the gist of a constitutional claim." People v. Edwards, 197 Ill. 2d 239, 244 (2001). The petition needs to set forth just a limited amount of detail and does not need to set forth the claim in its entirety. Edwards, 197 Ill. 2d at 244. If the petition is frivolous or patently without merit, the trial court must dismiss it. 725 ILCS 5/122--2.1(a)(2) (West 2006). Otherwise, the proceedings move on to the second stage. Harris, 224 Ill. 2d 115. We review de novo a trial court's first-stage dismissal of a postconviction petition. People v. Shaw, 386 Ill. App. 3d 704, 708 (2008).

For a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Hodges, 234 Ill. 2d at 17. The defendant must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice. Hodges, 234 Ill. 2d at 17. At the first stage of a postconviction proceeding, the trial court may not dismiss a petition alleging ineffective assistance of counsel if it arguably satisfies the Strickland test. Hodges, 234 Ill. 2d at 17.

Defendant argues that the allegations of his petition, viewed against the backdrop of the trial record, state at least the gist of a claim of ineffective assistance of counsel, because trial counsel either failed to consult with him about an appeal or disregarded his instructions to file an appeal. Defendant argues as follows. The record shows that it is reasonable to conclude that he wanted to appeal his conviction. He pleaded not guilty to the charges, presented witnesses in his defense, and after he was found guilty, he presented newly discovered evidence to support his claim of innocence. There was a breakdown of communication between him and his trial counsel after the sentence, as the record shows that trial counsel did not advise defendant of counsel's intent to withdraw the motion to reconsider the sentence, and defendant was not present at the hearing on the motion. Thereafter, defendant made repeated efforts to pursue an appeal, such as writing letters to the court clerk and filing pleadings alleging that trial counsel had " 'waived' " his appellate rights or " 'failed/refused' " to file an appeal. According to defendant, these facts support at least the gist of a claim that trial counsel either failed to consult with him about an appeal or refused to file the appeal at his request.

Defendant relies primarily on two cases, Roe v. Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), and People v. Rivera, 342 Ill. App. 3d 547 (2003). In Flores-Ortega, the defendant filed a federal habeas petition alleging that his trial counsel was ineffective because she had failed to file a notice of appeal after promising to do so. Flores-Ortega, 528 U.S. at 474, 145 L. Ed. 2d at 993, 120 S. Ct. at 1033. Applying the first prong of the Strickland test, whether trial counsel's representation fell below an objective standard of reasonableness, the Court stated that trial counsel has a constitutionally imposed duty to consult with the defendant about an appeal where either a rational defendant would want to appeal or the particular defendant reasonably demonstrated

to counsel a desire to appeal. In making this determination, whether the defendant pleaded guilty is a highly relevant factor because a guilty plea reduces the number of appealable issues and because such a plea may indicate that the defendant wanted an end to judicial proceedings. Flores-Ortega, 528 U.S. at 480, 145 L. Ed. 2d at 997, 120 S. Ct. at 1036. The Court stated that it expected that in the vast majority of cases trial counsel would have a duty to consult with the defendant about an appeal. Flores-Ortega, 528 U.S. at 481, 145 L. Ed. 2d at 997, 120 S. Ct. at 1037. Trial counsel's performance would also be unreasonable if he does not follow a defendant's instructions to file a notice of appeal. Flores-Ortega, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035.

For the second prong of the Strickland test, whether trial counsel's deficient performance prejudiced the defendant, the Court stated that a defendant must show that there is a reasonable probability that he would have timely appealed if not for trial counsel's failure to consult with him about an appeal. Flores-Ortega, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. The defendant is not required to specify the points he would have raised on appeal or show that they have potential merit. Flores-Ortega, 528 U.S. at 486, 145 L. Ed. 2d at 1001, 120 S. Ct. at 1039-40; see also People v. Torres, 228 Ill. 2d 382, 395 (2008) (applying Flores-Ortega to case where postconviction petition alleged that defense counsel was ineffective for failing to file a notice of appeal).

In Rivera, 342 Ill. App. 3d at 548, the defendant argued that the trial court erred in summarily dismissing his postconviction petition, which alleged that his attorney was ineffective for failing to follow the defendant's request to perfect an appeal. The State argued that the defendant did not file an affidavit supporting his allegation that he asked his lawyer to file an appeal. Rivera, 342 Ill. App. 3d at 549. Citing Flores-Ortega, this court held that such an allegation is not necessarily critical to

an ineffective assistance of counsel claim because an attorney has an affirmative obligation to consult with his client about an appeal if it is reasonable to believe that either a rational defendant would want an appeal or the particular defendant reasonably demonstrated a desire to appeal. Rivera, 342 Ill. App. 3d at 551. We held that there was "at least a factual issue whether [the] defendant asked his lawyer to perfect an appeal or whether a reasonable defendant would have wanted to appeal under the circumstances," and we therefore reversed the trial court's summary dismissal of the petition. Rivera, 342 Ill. App. 3d at 551.

The State maintains that although defendant argues on appeal that his trial counsel was ineffective because counsel either failed to consult with defendant about an appeal or disregarded his instructions to file an appeal, these claims are forfeited because defendant did not make such claims in his postconviction petition. The State argues that neither defendant's section 2--1401 filing nor the claims made in it are part of or at issue in the instant postconviction proceedings and that **defendant merely alleged** in his postconviction petition that trial counsel was ineffective for failing to file a notice of appeal. The States cites People v. Hernandez, 283 Ill. App. 3d 312, 318 (1996), where the appellate court held that in order for a postconviction petition to satisfy Strickland's first prong of deficient performance, the defendant must either allege that he informed counsel of a desire to appeal or explain why he did not request an appeal earlier.

The State further cites People v. Pendleton, 223 Ill. 2d 458, 474-75 (2006), and People v. Johnson, 154 Ill. 2d 227, 241 (1993), for the proposition that defendant's lack of affidavits in support of his postconviction claims, when he was represented by counsel, gives rise to the presumption that there was no factual basis to support a claim that trial counsel failed to consult with defendant about an appeal or to follow through with his request to file an appeal. The State argues that the record supports this presumption

because attorney Schwarzbach made many requests for and was granted additional time to familiarize himself with the case and examine defendant's claims. Finally, the State argues that Flores-Ortega and Rivera are distinguishable because (1) those defendants specifically alleged that their counsel had failed to file appeals after they had been instructed to do so, and (2) those defendants were pro se and did not have the benefit of counsel. According to the State, defendant "has already received the relief granted in the cases on which he relies: review of the record by post-conviction counsel to determine what, if any, factual or legal basis there may be for any claim relating to the lack of a direct appeal, and the filing of a petition reflecting that review and legal judgment."

We conclude that the trial court erred in dismissing defendant's postconviction petition as frivolous and patently without merit, because it contained the gist of a constitutional claim of ineffective assistance of counsel based on the failure to file an appeal. Although the State apparently would like to hold defendant's petition to a higher standard than petitions from pro se defendants because defendant was represented by counsel, the Act dictates only one standard for first-stage postconviction petitions, that being whether the petition is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2006). The cases cited by the State in support of an alleged distinction are distinguishable because they relate to the second stage of postconviction proceedings (Pendleton, 223 Ill. 2d at 474-75; Johnson, 154 Ill. 2d at 233), where, to survive a motion to dismiss, the petition must meet the higher standard of making a substantial showing of a constitutional violation (People v. Johnson, 205 Ill. 2d 381, 388 (2002)).

Both the trial court and the State emphasized the lack of an affidavit to support defendant's postconviction petition. However, our supreme court has stated that a postconviction petition's allegations must be supported by either accompanying affidavits or the record (People v. Coleman,

183 Ill. 2d 366, 381 (1998)), thereby recognizing that consideration of the record is permissible and that affidavits are not always necessary. Still, review of the record is limited to determining whether it supports or contradicts the petition's allegations (see Coleman, 183 Ill. 2d at 381-82), so we agree with the State that the allegations in defendant's section 2--1401 petition were not incorporated into the postconviction petition and that it would be improper to let those allegations serve as an "affidavit" for the postconviction petition. At the same time, the lack of an affidavit is not fatal where the court can easily infer that the only affidavit the defendant could provide, other than his own, would be that of his attorney. People v. Rogers, 372 Ill. App. 3d 859, 866-67 (2007). That is the case here, so defendant was not required to include an affidavit to support his allegations.

Defendant clearly alleged in his postconviction petition that trial counsel failed to file a notice of appeal. We recognize that unlike the defendants in Flores-Ortega and Rivera, defendant did not directly allege that he asked counsel to file a notice of appeal. We also recognize that the failure to follow a defendant's instructions to file a notice of appeal is one way to show deficient performance under the first prong of the Strickland test for ineffective assistance of counsel. See Flores-Ortega, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. This proposition is also recognized in Hernandez, 283 Ill. App. 3d at 318, the case relied on by the State. However, as Flores-Ortega instructs us, trial counsel had a constitutional duty to consult with defendant about his appeal rights if defendant reasonably demonstrated to counsel a desire to appeal or if a rational defendant in his position would have wanted to appeal. See Flores-Ortega, 528 U.S. at 480, 145 L. Ed. 2d at 997, 120 S. Ct. at 1036. Hernandez, which was decided before Flores-Ortega, does not recognize this point. In this case, the record shows both that defendant demonstrated a desire to appeal and that a rational defendant in his place would have wanted to appeal. Instead of pleading guilty, defendant went to

trial. He further presented witnesses in his defense and, after being found guilty, he filed a motion for a new trial and presented the testimony of additional witnesses. Cf. Torres, 228 Ill. 2d at 401-03 (the defendant did not establish any ground that would have given his trial counsel reason to believe that he demonstrated an interest in appealing or that a rational defendant in his situation would have wanted to appeal, where, among other things, the evidence was overwhelming and the defendant had pleaded guilty, stated that he wanted to save his family from the aggravation of a trial, admitted that he had no defense against the charges, had always indicated that he understood the sentencing range, and was given the minimum sentence allowed by law).

Further, defendant sufficiently alleged in his postconviction petition that trial counsel had not consulted with him about an appeal, by stating that trial counsel had not "properly advised" him of "his appeal rights." Defendant bolstered this allegation by stating that he had "made consistent efforts to ascertain the status of his appeal, in the belief that his appellate rights had been perfected; and sought notification from the court as to the status of his appeal" and that he "at all times prior to January 2005 was led to believe that a notice of appeal, and appeal had been filed in his case." Defendant attached to the petition a letter from the court clerk in response to his question about the status of his appeal, stating that the court had reviewed his file and determined that no notice of appeal had been filed. The record also supports defendant's allegation that he made attempts to determine the status of his notice of appeal. Thus, defendant's petition sufficiently alleged that trial counsel had neither consulted with him about an appeal nor filed an appeal.

As for the prejudice prong of the Strickland test, defendant had to show that there arguably was a reasonable probability that he would have timely appealed if trial counsel had consulted with him about an appeal. Defendant's allegations that he believed that his appeal had been perfected and made efforts to

determine the status of his appeal are supported by the record and sufficiently indicate that he would have timely appealed had his attorney consulted with him about an appeal.

In sum, defendant's allegations, considered in light of the record, arguably satisfy both prongs of the Strickland test, so the trial court erred in summarily dismissing his postconviction petition.

### III. CONCLUSION

For the foregoing reasons, we reverse the order of the circuit court of Lake County dismissing defendant's postconviction petition, and we remand the cause for further proceedings.

Reversed and remanded.

HUTCHINSON and BURKE, JJ., concur.