2021 IL App (2d) 180845-U
No. 2-18-0845
Order filed March 30, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Jo Daviess County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-37 |
| WILLIAM A. HART, | ) ) ) | Honorable William A. Kelly, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Summary dismissal of defendant's postconviction petition was improper where the petition stated the gist of a claim that defendant's counsel was ineffective for failing to follow defendant's directive to perfect an appeal after his guilty plea. Defendant did not need to allege what issues he would have raised in his motion to withdraw the plea or in a subsequent appeal.

¶ 2    Defendant, William A. Hart, appeals the trial court's order summarily dismissing his petition brought under the Postconviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). He contends that he stated the gist of a meritorious claim that his attorney was ineffective for failing to perfect an appeal. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4     In 2017, defendant entered a fully negotiated guilty plea to two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2), (a)(8) (West 2016)).  Per the agreement, the trial court sentenced him to consecutive terms of 15- and 21-years' imprisonment.  The State dismissed three additional charges.

¶ 5     The factual basis showed that defendant approached a convenience store clerk.  At gunpoint, he forced her to drive to his home, where he sexually assaulted her.  When the police apprehended defendant a short time later, they found in his home items connected to the assault, including the gun and the victim's cellphone.

¶ 6     On October 15, 2018, defendant filed a postconviction petition.  The petition raised several claims: (1) counsel coerced defendant into pleading guilty; (2) counsel did not investigate a defense of consensual sex; (3) counsel had a conflict of interest in that he was a friend of the victim's family; (4) defendant did not know that the term of mandatory supervised release could be for life; and (5) counsel reneged on certain promises, including that charges would be dropped against a "co-defendant."

¶ 7     Defendant also alleged that he "told his trial counsel to appeal his sentence and to file a motion to withdrawl [*sic*] his plea on the day of sentencing.  Trial counsel did not do any of that." Defendant further alleged that his attorney negotiated a plea agreement with the prosecutor. However, "after the defendant plead guilty the terms of the agreement were changed."  Defendant asked that he be allowed to withdraw his guilty plea "[b]ecause of the ineffectiveness of counsel and other constitutional violations."

¶ 8    In an accompanying affidavit, defendant averred that he had a sixth-grade education, had mental health problems, and took medications that affected his memory and attention span. Defendant swore that the facts in the petition were true.

¶ 9    The trial court summarily dismissed the petition. Defendant timely appeals.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant contends that his petition stated the gist of a claim that his counsel was ineffective for ignoring defendant's request to perfect an appeal. He does not argue the merits of the petition's other claims.

¶ 12    The Act provides a procedural mechanism for a criminal defendant to assert that he was deprived of a constitutional right during the proceedings resulting in his conviction. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A ruling on the sufficiency of the allegations is a legal one and, therefore, our review is *de novo. People v. Coleman,* 183 Ill. 2d 366, 378 (1998).

¶ 13    Within 90 days of its filing, the trial court may summarily dismiss a petition if it finds that the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). A petition is frivolous or patently without merit only if its allegations, taken as true and construed liberally, fail to present the " 'gist of a constitutional claim.' " *Edwards*, 197 Ill. 2d at 244 (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)). The " 'gist' " standard is a " 'low threshold.' " *Id.* (quoting *Gaultney*, 174 Ill. 2d at 418). To set forth the " 'gist' " of a constitutional claim, the petition " 'need only present a limited amount of detail' " and hence need not set forth the claim in its entirety. *Id.* (quoting *Gaultney*, 174 Ill. 2d at 418.

¶ 14    A petition is frivolous or patently without merit only " 'if the petition has no arguable basis either in law or in fact' " in that it relies on " 'an indisputably meritless legal theory or a fanciful factual allegation.' " *People v. Allen*, 2015 IL 113135, ¶ 25 (quoting *People v. Hodges,* 234 Ill.

2d 1, 16-17 (2009)). Meritless legal theories include ones completely contradicted by the record, while fanciful factual allegations may be " 'fantastic or delusional.' " *Id.* (quoting *Hodges*, 234 Ill. 2d at 17)).

¶ 15    In *Edwards*, the supreme court reversed a first-stage dismissal where the defendant's petition alleged that defense counsel was ineffective for ignoring the defendant's directive to perfect an appeal. *Edwards*, 197 Ill. 2d at 257-58. The dismissal was improper even though the defendant had pleaded guilty and did not identify in his petition a specific issue he wished to raise. *Edwards*, 197 Ill. 2d at 257.

¶ 16    In *People v. Rivera*, 342 Ill. App. 3d 547, 549 (2003), we asserted that, for purposes of first-stage postconviction review, a defendant whose lawyer fails to perfect an appeal does not have to show prejudice beyond the fact that he lost his right to appeal. We followed *Edwards* in holding that the trial court erred in summarily dismissing the defendant's petition alleging ineffectiveness where the defendant pleaded guilty and his lawyer did not take the necessary steps to perfect an appeal. *Id.* at 550-51. We so held even though the defendant's petition did not specify an issue he could have raised in his hypothetical appeal, and even though the defendant did not clearly allege that he even asked his lawyer to appeal. *Id.*

¶ 17    This case is virtually indistinguishable from *Rivera* except that here defendant plainly alleged that he directed his lawyer to perfect an appeal, including filing a motion to withdraw the plea.

¶ 18    The State insists that *Edwards*, rather than *Rivera*, controls this case because here, as in *Edwards*, defendant did not file a postplea motion and therefore could not perfect an appeal. See *Edwards*, 197 Ill. 2d at 242. The distinction is immaterial, as defendant alleged that he "told his trial counsel to appeal his sentence *and to file a motion to withdrawl* [*sic*] *his plea*." (Emphasis

added.)  Thus, defendant claimed that his attorney was ineffective for failing to file the requisite postplea motion.  The State claims, nonetheless, that, unlike in *Edwards*, "the record in this case does not demonstrate that defendant clearly alleged that he asked his trial attorney to perfect an appeal in this matter."  We cannot imagine a clearer allegation that counsel failed to follow a directive to perfect an appeal following a guilty plea.

¶ 19    The State further asserts that it is "theoretically possible," but "unlikely," that defendant would enter a guilty plea and then seek to withdraw it the same day.  However, the likelihood of an allegation being true is simply not the question at the first stage of postconviction proceedings.  A petition should be dismissed at that stage only if it relies on an indisputably meritless legal theory or a fanciful factual allegation.  *Allen*, 2015 IL 113135, ¶ 25.  Defendant's allegations fall short of being "fantastic or delusional."

¶ 20    Defendant's petition is inartfully drafted, to be sure.  Read literally, it appears to allege that defendant sought to withdraw his plea the same day he entered it.  Under *Edwards*, however, we must not hold his lack of skill as a draftsman against him.  Other readings of the critical allegation are possible (for instance, defendant might have meant only that he wanted to withdraw his plea *that was entered the same day as sentencing*).  Moreover, defendant alleges that the sentence he received did not comport with his understanding of the plea agreement.  This could explain his sudden desire to undo the plea.  We emphasize that defendant did not *need to* identify potential issues to be raised in a motion to withdraw the plea or in a subsequent appeal.  We note only that defendant's allegation provides at least one potential explanation for what the State finds inexplicable.  Certainly, it does not render defendant's allegations fantastic or delusional.

¶ 21    Since defendant pled the gist of a claim that his counsel was ineffective for failing to perfect an appeal, we need not address the petition's remaining allegations, because the entire petition

must be docketed for second-stage review if even one claim has potential merit. *People v. Rivera,*
198 Ill. 2d 364, 370-71 (2001).

¶ 22                                    III. CONCLUSION

¶ 23     We reverse the judgment of the circuit court of Jo Daviess County and remand the cause
for further proceedings.

¶ 24     Reversed and remanded.