THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SZYMON NIEZGODA, Defendant-Appellant.

Second District No. 2—02—0322

Opinion filed March 14, 2003.

594

Stanley J. Horn and James J. Macchitelli, both of Azulay, Horn, Khalaf & Yoo, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kristine A. Karlin, of Mt. Prospect, for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Szymon Niezgoda, appeals from the February 27, 2002, order of the circuit court of Du Page County dismissing his petition for postconviction relief. On appeal, the defendant argues that the trial court erred in dismissing his petition without an evidentiary hearing because he presented evidence that he received the ineffective assistance of counsel and that his plea was involuntary. We affirm.

The record reveals that on November 22, 2000, the defendant was charged by indictment with unlawful possession of less than 15 grams of cocaine (720 ILCS 570/402(c) (West 2000)). On April 16, 2001, the defendant pleaded guilty to the charged offense and was sentenced to 24 months' probation and 100 hours' community service and assessed

certain fees and costs. The defendant did not file a timely notice of appeal.

On September 19, 2001, the defendant filed a petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 et seq. (West 2000)) seeking to withdraw his guilty plea. The petition alleged that, before he entered his plea, the defendant consulted with his attorney as to the effect of a guilty plea on his status as an immigrant from Poland. His attorney allegedly told him that his conviction would not be reported to the Immigration and Naturalization Service (INS) and that he would not be deported. Based on his attorney's advice, the defendant waived his right to a jury and entered a plea of guilty. On July 25, 2001, the defendant was taken into custody by the INS.

On October 12, 2001, the trial court found that the defendant's petition was not frivolous or patently without merit and ordered that the State file a response to the petition within 35 days. On November 13, 2001, the State filed a motion to dismiss the defendant's petition. The State argued that there was no evidence in the record that the defendant had received erroneous advice from his counsel or that he had otherwise been prejudiced by his counsel's representation.

On February 5, 2002, the defendant filed an amended postconviction petition. The defendant additionally alleged that he was never admonished that he had the right to consult with Polish authorities about his arrest. In support of his petition, the defendant attached his own affidavit and those of three other people. None of these affidavits were notarized. On February 27, 2002, the trial court granted the State's motion to dismiss the defendant's petition. The defendant thereafter filed this timely appeal.

■ At the outset, we address the State's motion to dismiss the defendant's appeal or, alternatively, strike certain portions of his brief. The State argues that the defendant's statement of facts includes statements that are not supported by the record, in violation of Supreme Court Rule 341. 188 Ill. 2d R. 341(e)(6). The State also argues that the defendant has not included a complete record of the proceedings below for this court's review, in violation of Supreme Court Rule 608. 177 Ill. 2d Rs. 608(a)(4), (a)(8). We agree with the State that the defendant has not included a complete record for our review. We also find that the defendant's brief is not in full compliance with the applicable supreme court rules governing the content and form of appellate briefs, as the brief includes facts that are unsupported by the record. Nonetheless, we find that the brief and record are sufficient to allow us to review the merits of the appeal. See Taake v. WHGK, Inc., 228 Ill. App. 3d 692, 714 (1992). We therefore deny the State's motion and instead will disregard any inappropriate materials or argument. See Kincaid v. Smith, 252 Ill. App. 3d 618, 621 (1993).

■ Turning to the merits of the defendant's appeal, we note that the Act provides that a defendant may challenge his conviction by alleging that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122—1 (West 2000); *People v. Tenner*, 175 Ill. 2d 372, 377 (1997). A petition filed under the Act must "clearly set forth the respects in which defendant's constitutional rights were violated." 725 ILCS 5/122—2 (West 2000). The petition shall have attached "affidavits, records, or other evidence," as required by section 122—2 of the Act, "supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122—2 (West 2000). A postconviction petition that is not properly supported by affidavits or other evidence is dismissed without an evidentiary hearing unless the defendant's allegation stands uncontradicted and is clearly supported by the record. *People v. Johnson*, 183 Ill. 2d 176, 191 (1998).

■ Because the defendant's affidavits were not notarized, we must first address whether they were sufficient to be considered by the trial court under the Act. The Illinois Supreme Court recently addressed on two separate occasions what constitutes a sufficient affidavit. See *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490 (2002); *Robidoux v. Oliphant*, 201 Ill. 2d 324 (2002). In *Robidoux*, the supreme court held that an affidavit need not be notarized in order to comply with the requirements of Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)). *Robidoux*, 201 Ill. 2d at 340. In so ruling, the supreme court found that Rule 191 contained no express requirement that the affidavit be notarized. *Robidoux*, 201 Ill. 2d at 340. Rather, the supreme court held that notarization was not required so long as the affidavit was either signed by the affiant or his name appeared as one having taken an oath. *Robidoux*, 201 Ill. 2d at 347.

In *Roth*, the appellant's attorney filed an affidavit in support of his petition for leave to appeal to the supreme court pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315). *Roth*, 202 Ill. 2d at 491. His affidavit was not notarized. *Roth*, 202 Ill. 2d at 491-94. The supreme court held that the affidavit had no legal effect and, therefore, the appeal should have been dismissed for the lack of a supporting affidavit. *Roth*, 202 Ill. 2d at 497. The supreme court explained that " ' "[a]n affidavit is simply a declaration, on oath, in writing sworn to before some person who has authority under the law to administer oaths." ' [Citation.]" *Roth*, 202 Ill. 2d at 493. Thus, statements in writing that have not been sworn to before an authorized person cannot be considered affidavits. *Roth*, 202 Ill. 2d at 494.

In so ruling, the supreme court explained that *Robidoux* was

distinguishable because that case applied only to affidavits filed pursuant to Rule 191(a). *Roth*, 202 Ill. 2d at 495. The supreme court found that Rule 191 expressly provides what is required of the affidavit but omits any reference to notarization. *Roth*, 202 Ill. 2d at 496. In contrast, Rule 315 sets forward no specific affidavit requirements. *Roth*, 202 Ill. 2d at 496. Therefore, the supreme court held that the affidavit requirements under Rule 315 would be the same as the court's traditional requirements for an affidavit, including a notarization. *Roth*, 202 Ill. 2d at 496.

We believe that *Roth* sets forward the state of the law in Illinois as to what is required in an affidavit and that *Robidoux* presents an exception to this law. Thus, unless otherwise provided for by a specific supreme court rule or statutory authorization, an affidavit must be notarized to be valid. See *Roth*, 202 Ill. 2d at 496. Here, the defendant's affidavits at issue were filed pursuant to the Act. The Act sets forth no such specific affidavit requirements. See 725 ILCS 5/122—1 *et seq.* (West 2000). Thus, an affidavit filed pursuant to the Act must be notarized to be valid. See *Roth*, 202 Ill. 2d at 496.

■ In the present case, the defendant alleged in his postconviction petition that he received the ineffective assistance of counsel because his counsel misinformed him about the effect of a guilty plea on his immigration status. The defendant also alleged that he was not properly admonished that he had the right to consult with Polish authorities concerning his arrest. None of these allegations are supported by the record. Thus, the defendant was required to support these allegations with sworn affidavits. See *Johnson*, 183 Ill. 2d at 191. However, none of the defendant's affidavits were notarized or sworn before anyone who has authority under the law to administer oaths. See *Roth*, 202 Ill. 2d at 493. Consequently, the affidavits the defendant filed had no legal effect. See *Roth*, 202 Ill. 2d at 497. As the defendant's postconviction petition was not supported by the record or any valid affidavits, the trial court properly dismissed his petition without an evidentiary hearing. See *Johnson*, 183 Ill. 2d at 191.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and CALLUM, J., concur.