Nos. 2—09—0426 & 2—09—0710 cons.
Opinion filed February 25, 2011

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07—CF—783 |
| KEITH CARR, | ) ) ) | Honorable Timothy Q. Sheldon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices McLaren and Hutchinson concurred in the judgment and opinion.

**OPINION**

The defendant, Keith Carr, appeals from the June 12, 2009, order of the circuit court of Kane County dismissing his petition for postconviction relief. On appeal, the defendant argues that the trial court erred in dismissing his petition, because he sufficiently alleged that he was denied the effective assistance of counsel and that the trial court did not properly admonish him regarding the consequences of his plea. We affirm.

The record reveals that on March 22, 2007, the defendant was charged by criminal complaint with aggravated kidnapping (720 ILCS 5/10—2(a)(5) (West 2006)). On October 24, 2007, the defendant pleaded guilty to the charged offense and was sentenced to six years' imprisonment. The defendant did not file a timely notice of appeal.

Nos. 2—09—0426 & 2—09—0710 cons.

On April 29 and June 16, 2008, the defendant filed requests for copies of the common-law record, for transcripts, and to proceed *in forma pauperis*. In response to these filings, the trial court appointed counsel to investigate whether the defendant was seeking relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2008)).

On March 19, 2009, appointed counsel filed a Supreme Court Rule 651(c) (eff. Dec. 1, 1984) certificate and a motion to withdraw as counsel. Counsel asserted that he had consulted with the defendant and had reviewed the defendant's records but did not see any basis for filing a postconviction petition on the defendant's behalf. Following a hearing that same day, counsel was allowed to withdraw. The trial court also informed the defendant that its order did not preclude him from filing a *pro se* postconviction petition. The defendant subsequently filed a notice of appeal from that order, which was docketed in this court as case No. 2—09—0426.

On April 21, 2009, the defendant filed a *pro se* postconviction petition. The petition alleged that neither trial counsel nor the trial court ever informed the defendant that he would be required to serve 85% of the sentence that he received on the charge of aggravated kidnapping. The petition further alleged that he was deprived of the effective assistance of counsel because his counsel failed to challenge the "secret confinement" component of the aggravated kidnapping charge. Pursuant to section 122—1(b) of the Act, the defendant filed an "affidavit" attesting to the truth of the petition. However, that affidavit was not notarized. The defendant did not file any affidavits pursuant to section 122—2 of the Act in support of his petition.

On June 12, 2009, the trial court dismissed the defendant's *pro se* postconviction petition. The defendant filed a timely notice of appeal, which was docketed in this court as case No.

Nos. 2—09—0426 & 2—09—0710 cons.

2—09—0710. On May 11, 2010, this court consolidated case Nos. 2—09—0426 and 2—09—0710 for review.

On appeal, the defendant argues that his petition should not have been dismissed, because he stated the gist of a constitutional violation. The defendant maintains that he pleaded guilty as a result of ineffective assistance of counsel and because he was not properly admonished by the trial court. Specifically, the defendant contends that his due process rights were violated because (1) his attorney advised him to plead guilty to aggravated kidnapping even though he had a defense to that charge; and (2) neither his attorney nor the trial court advised him that he would be required to serve a minimum of 85% of his sentence for aggravated kidnapping.

The Act provides that a defendant may challenge his conviction by alleging that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122—1 (West 2008); *People v. Tenner*, 175 Ill. 2d 372, 377 (1997). Section 122—1(b) of the Act provides that "[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit." 725 ILCS 5/122—1(b) (West 2008). Affidavits filed pursuant to the Act must be notarized to be valid. *People v. Niezgoda*, 337 Ill. App. 3d 593, 597 (2003). A trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

Here, the affidavit that the defendant filed was not notarized and, therefore, pursuant to *Niezgoda*, was not valid. The defendant insists that *Niezgoda* is inapplicable because that case dealt with section 122—2 of the Act, not section 122—1(b) of the Act, which is at issue herein. The

distinction that the defendant attempts to make between the various provisions of the Act is clearly without merit in light of our holding in *Niezgoda* that the notarization requirement for affidavits applies to the entire Act. In *Niezgoda*, after reviewing two recent supreme court decisions, we explained:

"We believe that *Roth* [*v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490 (2002),] sets forward the state of the law in Illinois as to what is required in an affidavit and that *Robidoux* [*v. Oliphant*, 201 Ill. 2d 324 (2002),] presents an exception to this law. Thus, unless otherwise provided for by a specific supreme court rule or statutory authorization, an affidavit must be notarized to be valid. See *Roth*, 202 Ill. 2d at 496. Here, the defendant's affidavits at issue were filed pursuant to the Act. The Act sets forth no such specific affidavit requirements. See 725 ILCS 5/122—1 *et seq.* (West 2000). Thus, an affidavit filed pursuant to the Act must be notarized to be valid. See *Roth*, 202 Ill. 2d at 496." *Niezgoda*, 337 Ill. App. 3d at 597.

Accordingly, since the defendant was seeking relief pursuant to the Act, the affidavit he filed attesting to the veracity of his petition needed to be notarized in order to be valid. *Id.* As it was not, the defendant is not entitled to any relief. See *Delton*, 227 Ill. 2d at 258.

Further, even if we were to overlook the defendant's noncompliance with section 122—1(b) of the Act, we would determine that the trial court properly dismissed the defendant's postconviction petition due to his failure to comply with section 122—2 of the Act. A petition filed under the Act must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122—2 (West 2008). The petition must include "affidavits, records, or other evidence" under section 122—2 of the Act, "supporting its allegations," or else it must "state why the same are not

attached." *Id.* A postconviction petition that is not properly supported by affidavits or other evidence is dismissed without an evidentiary hearing unless the petitioner's allegation stands uncontradicted and is clearly supported by the record. *People v. Johnson*, 183 Ill. 2d 176, 191 (1998).

In the present case, the record is silent as to the advice the defendant's attorney gave him (or did not give him) prior to his plea of guilty. Thus, the defendant is not entitled to any relief based on his allegations of ineffective assistance of counsel. The record is consistent, however, with the defendant's assertion that the trial court did not inform him that he would have to serve 85% of his sentence for his conviction of aggravated kidnapping. Nonetheless, the trial court was not obligated to inform the defendant of the collateral consequences of his plea. See *People v. Castano*, 392 Ill. App. 3d 956, 960 (2009) (trial court does not need to inform defendant regarding the application of the truth-in-sentencing statute to his sentence because the application of that statute is a collateral, rather than a direct, consequence of the defendant's guilty plea); *People v. Frison*, 365 Ill. App. 3d 932, 936 (2006) (same). As such, the defendant is not entitled to any relief on that basis either.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.