# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Nitz*, 2011 IL App (2d) 100031

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERMAN L. NITZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0031 |
| Filed | October 24, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant's postconviction petition was filed with a certification pursuant to section 1-109 of the Code of Civil Procedure, but without a properly notarized affidavit as required by section 122-1(b) of the Post-Conviction Hearing Act, and was then summarily dismissed at the second stage of the proceedings after counsel was appointed, the summary dismissal was reversed and the cause was remanded for further proceedings with the appointment of new counsel, since the trial court had jurisdiction and defendant's appointed counsel was ineffective in failing to cure the lack of a notarized affidavit. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 05-CF-2101; the Hon. John J. Kinsella, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justice Schostok concurred in the judgment and opinion.
Justice McLaren specially concurred, with opinion.

**OPINION**

¶ 1    Defendant, Herman L. Nitz, appeals the trial court's second-stage dismissal of his petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)). The State argues that the trial court and this court lack jurisdiction because the petition was not verified by a notarized affidavit as required by section 122-1(b) of the Act (725 ILCS 5/122-1(b) (West 2008)) and our recent decision in *People v. Carr*, 407 Ill. App. 3d 513, 516 (2011). We agree that the petition was not verified by affidavit and further determine that Nitz's certification under section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2008)) could not cure that defect. However, the defect did not deprive the trial court or this court of jurisdiction, and postconviction counsel provided unreasonable assistance by failing to properly verify the petition at the second stage. Accordingly, we reverse and remand for further proceedings with appointment of new counsel.

¶ 2                                 I. BACKGROUND

¶ 3    On February 9, 2006, Nitz pleaded guilty to unlawful possession of less than 15 grams of cocaine (720 ILCS 570/402(c) (West 2004)) in exchange for an extended-term sentence of four years' incarceration and the dismissal of another charge. No factual basis was given for the plea. A previous motion to suppress statements was withdrawn because of the plea. Nitz spoke only briefly at the hearing. The court did not inquire about Nitz's mental health and did not admonish him of his appeal rights. No appeal was filed.

¶ 4    On September 20, 2006, Nitz filed a *pro se* postconviction petition, which was not notarized and did not include a notarized affidavit or a certification under section 1-109. An unnotarized memorandum in support of the petition was file-stamped on October 4, 2006, and an affidavit was file-stamped on October 5. The affidavit was not notarized, but it did mention section 1-109.

¶ 5        On November 9, 2006, Nitz filed a second memorandum in support of his postconviction petition, along with a document referencing a petition for relief from judgment, and included an unnotarized affidavit that invoked section 1-109. On November 29, 2006, Nitz moved to withdraw the pending petitions and, on December 14, 2006, the trial court granted the motion.

¶ 6        On April 1, 2008, Nitz filed another *pro se* postconviction petition, with an unnotarized affidavit that cited section 1-109. The trial court appointed counsel, who filed an amended petition and a second amended petition, neither of which included an affidavit. However, attached to the amended petitions were earlier materials and pleadings from Nitz, including an affidavit from Nitz that was not notarized but did reference section 1-109.

¶ 7        In the second amended petition, Nitz alleged that his trial counsel was ineffective for failing to pursue a preplea motion to suppress statements and for allowing Nitz to plead guilty when he was not fit to do so. Nitz alleged that he withdrew a request for counsel and gave inculpatory statements to police in response to offers of leniency and release. He also alleged that, while in custody three months before the plea, he attempted suicide by swallowing a razor blade and that he had made another previous suicide attempt. The petition incorporated Nitz's previous petitions, which alleged in part that, at the time of the plea, Nitz was under care for schizophrenia and other mental-health issues and was taking a number of psychotropic medications, and that counsel did not file a motion to withdraw the plea when Nitz asked counsel to do so. In support of the allegations, Nitz provided documents from the Department of Corrections showing that he had attempted suicide on both January 17 and 23, 2006, and that he had a long history of mental illness.

¶ 8        The State moved to dismiss. The court reviewed the transcripts of the plea and found that there was a lack of evidence that a *bona fide* doubt as to fitness existed. The court stated that counsel was not ineffective for failing to move to withdraw the plea, because Nitz did not articulate appropriate grounds, and that, had counsel pursued the suppression motion, it would not have affected the outcome of the case. Nitz appeals.

¶ 9                              II. ANALYSIS

¶ 10       Nitz contends that the trial court erred by dismissing his petition. The State first contends that this court lacks jurisdiction because Nitz failed to provide a notarized affidavit under section 122-1(b) and *Carr*.

¶ 11       In *Carr*, we held that section 122-1(b) of the Act requires a notarized affidavit in order for the defendant to be entitled to any relief. *Carr*, 407 Ill. App. 3d at 516. Section 122-1(b) provides that "[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit." 725 ILCS 5/122-1(b) (West 2008). "Affidavits filed pursuant to the Act must be notarized to be valid." *Carr*, 407 Ill. App. 3d at 515; see *People v. Niezgoda*, 337 Ill. App. 3d 593, 597 (2003). "A trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act." *Carr*, 407 Ill. App. 3d at 515 (citing *People v. Delton*, 227 Ill. 2d 247, 258 (2008)).

¶ 12       The State argues that the failure to provide a notarized affidavit deprived the trial court,

and by extension, this court, of jurisdiction. However, it is now well settled that, absent exceptions not applicable here, the legislature may not impose statutory " 'conditions precedent' " to a court's exercise of jurisdiction. *People v. Sharifpour*, 402 Ill. App. 3d 100, 121 (2010). Notably, we did not view the matter as a jurisdictional defect in *Carr.* Instead, we found that the failure to provide a notarized affidavit was an alternate basis for affirming the trial court's dismissal of the petition. *Carr*, 407 Ill. App. 3d at 515-16.

¶ 13 Here, Nitz's affidavit was not notarized and, therefore, pursuant to *Carr*, the affidavit was not valid. Accordingly, Nitz argues that his section 1-109 certification sufficed to satisfy the notarized-affidavit requirement of section 122-1(b).

¶ 14 Section 1-109 provides in part:

"Verification by certification. Unless otherwise expressly provided by rule of the Supreme Court, whenever in *this Code* any complaint, petition, answer, reply, bill of particulars, answer to interrogatories, affidavit, return or proof of service, or other document or pleading filed in any court of this State is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section.

Whenever any such pleading, affidavit or other document is so certified, the several matters stated shall be stated positively or upon information and belief only, according to the fact. The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath." (Emphasis added.) 735 ILCS 5/1-109 (West 2008).

¶ 15 Although we suggested in *People v. Rivera*, 342 Ill. App. 3d 547, 550-51 (2003), that a section 1-109 certification may be sufficient to verify a postconviction petition, we did not consider in *Rivera* that section 1-109 limits its application only to verifications required by the Code of Civil Procedure.

¶ 16 Section 1-109, by its terms, applies only to "this Code"–the Code of Civil Procedure. Postconviction petitions, however, are governed by the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)), which is part of the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 *et seq.* (West 2008)). As a result, a section 1-109 certification may not verify a postconviction petition. Instead, a section 122-1(b) affidavit is required and, as we stated in *Carr*, "[a]ffidavits filed pursuant to the Act must be notarized to be valid." *Carr*, 407 Ill. App. 3d at 515. Accordingly, we find that section 1-109 does not apply and, to the extent that *Rivera* states otherwise, we decline to follow it.

¶ 17 Here, Nitz failed to provide a properly notarized affidavit, and his inclusion of a section

1-109 certification could not cure that failure. Nevertheless, Nitz's petition proceeded to the second stage of postconviction proceedings, and he was appointed counsel. Thus, he next argues that his postconviction counsel failed to adequately represent him under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) and asks that, instead of affirming based on the failure to provide a proper affidavit, we remand for appointment of new counsel. We agree.

¶ 18    "There is no constitutional right to counsel in postconviction proceedings." *People v. Daniels*, 388 Ill. App. 3d 952, 960 (2009). "However, in cases like this one, where the trial court does not summarily dismiss the petition, the Act affords indigent defendants a statutory right to counsel." *Id*. "Counsel must provide 'reasonable assistance,' which includes compliance with Rule 651(c). [Citation.]" (Internal quotation marks omitted.) *Id*. Rule 651(c) provides that the record on appeal must "contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, *and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions*." (Emphasis added.) Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). Under Rule 651(c), postconviction counsel has an obligation to present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance. See *People v. Waldrop*, 353 Ill. App. 3d 244, 251 (2004). Further, a defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice. *People v. Perkins*, 367 Ill. App. 3d 895, 905 (2006), *rev'd on other grounds*, 229 Ill. 2d 34 (2007).

¶ 19    Here, as previously noted, the notarization requirement is not a matter of jurisdiction. See *Carr*, 407 Ill. App. 3d at 515-16. Thus, even if the court should have dismissed for that failure, it still had jurisdiction over the petition and, when it moved the petition to the second stage, Nitz's counsel should have sought to remedy the lack of a notarized affidavit.[1] Nitz's counsel failed to make all amendments necessary to ensure that the petition was proper so that it could adequately present Nitz's claims. Thus, counsel provided unreasonable assistance, and we remand for appointment of new counsel to amend the petition as necessary and provide the proper verifying affidavit.

¶ 20                                III. CONCLUSION

¶ 21    Nitz's petition was defective because it was not accompanied by a properly notarized affidavit as required by section 122-1(b) of the Act, and his postconviction counsel provided unreasonable assistance by failing to ensure that the proper affidavit was provided. Accordingly, we reverse and remand for further proceedings with appointment of new counsel.

---

[1]Indeed, the State conceded at oral argument that, if there was jurisdiction over the petition, counsel's failure to provide the proper affidavit was unreasonable assistance.

¶ 22    Reversed and remanded.

¶ 23    JUSTICE McLAREN, specially concurring:

¶ 24    I specially concur because I wish to distance myself from an aspect of the majority's analysis that I believe is unnecessary and inappropriate, based upon the facts in this case. The analysis addresses the lack of properly notarized affidavits with petitions filed by defendant *pro se* and his attorney. The lack thereof was not raised below by the State or the trial court in any manner. The State moved to dismiss based upon the merits, and the trial court ruled on the merits and dismissed the cause at the second stage of the proceeding. The State now raises for the first time on appeal *People v. Carr* and the lack of a properly notarized affidavit as a basis for dismissal. The State goes so far as to argue that, because of the lack of a notarized affidavit, there was no jurisdiction in the trial court to entertain the cause. The majority rightfully determines that jurisdiction is not based upon a notarized affidavit.

¶ 25    Despite the State's procedural default that, if raised, could have been addressed and resolved, the majority then proceeds to address defendant's response to the State's defaulted claim and determines that a section 1-109 certification does not verify a postconviction petition. I submit that the entire issue is not justiciable and need not be addressed in this appeal. Once the State moved to dismiss on the merits and did not attack or move to dismiss on the issue of the lack of a notarized affidavit, the issue of the need for a proper affidavit, or for verification *by any means*, became moot. "This court has also cautioned, however, that courts of review should not ordinarily consider issues where they are not essential to the disposition of the cause or where the result will not be affected regardless of how the issues are decided ***." *People v. White*, 2011 IL 109689, ¶ 144.

    "We do not, and should not, manufacture reasons to address issues–constitutional or otherwise–where the record has not been fully and fairly developed for that purpose and where resolution of the issues is unnecessary." *White*, 2011 IL 109689, ¶ 148.

¶ 26    Furthermore, the *Carr* decision created an anomaly that is better left alone. In *Carr*, the trial court dismissed the cause on the merits. It did not dismiss the cause for lack of an appropriate pleading or attachment. The former is clearly a disposition that implicates *res judicata*; the latter is not. Thus, the *Carr* panel, myself included, created a counterfactual conditional[2] with regard to the issue of an unnotarized affidavit that was neither raised nor ruled upon (nor did it involve a question regarding section 1-109 certification) and was not implicated in the judgment on the merits. *Carr*, according to this majority's analysis, opined on a factual circumstance that: (1) did not exist; (2) the trial court did not address; (3) was not necessary; and (4) has questionable value with regard to the efficient disposition of postconviction petitions. The *Carr* decision created a straw man, knocked him down, and

_____

[2]A counterfactual conditional is a conditional statement "indicating what *would be* the case if its antecedent *were* true (although it is *not* true)." (Emphases in original.) *Counterfactual conditional*, Wikipedia, The Free Encyclopedia, http://en.wikipedia.org/wiki/Counterfactual_conditional (last visited September 22, 2011); see also *Corcoran-Hakala v. Dowd*, 362 Ill. App. 3d 523, 530 (2005).

then proceeded to affirm on the merits.

¶ 27    *Carr* and its counterfactual conditional *dicta* should not be involved in the majority's analysis. Additionally, the majority should address the State's procedural default, determine that the default precludes review of that issue, and proceed to the merits of the appeal. I will not succumb to the temptation that the majority was unable to withstand; I will not opine as to whether a section 1-109 certification will suffice as a means of proper verification of a postconviction petition. It is not yet time.