# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. McCoy*, 2011 IL App (2d) 100424

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL K. McCOY, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0424 |
| Filed | December 16, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The first-stage dismissal of defendant's postconviction petition was affirmed on the basis of the lack of notarization of defendant's verification in compliance with section 122-1(b) of the Post-Conviction Hearing Act. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 07-CF-524; the Hon. Fernando L. Engelsma, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| | Justices Schostok and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Daniel K. McCoy, appeals the first-stage dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)); he asserts that he stated the gist of a claim of ineffective assistance of counsel and that the dismissal was thus error. The State responds that defendant did not properly verify the petition and that dismissal was therefore appropriate. We agree, and we therefore affirm the dismissal.

¶ 2                                    I. BACKGROUND

¶ 3    A grand jury indicted defendant on a count of armed robbery (720 ILCS 5/18-2(a) (West 2006)) and two counts of burglary (720 ILCS 5/19-1(a) (West 2006)). The court accepted a negotiated guilty plea from defendant: he pleaded guilty to armed robbery, the State dismissed the burglary counts, and he received a sentence of which the primary term was 10 years' imprisonment. He later filed a "Motion for Reduction of Sentence" that the court properly denied as untimely. See *People v. McCoy*, No. 2-09-0068 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4    About a year and a half after he entered his guilty plea, defendant filed a petition under the Act. He alleged that police officers and the State's Attorney manufactured the case against him by pressuring witnesses and then pressured him to plead guilty. He further claimed that his attorney participated in pressuring him and was otherwise ineffective. He repeatedly asserted his innocence.

¶ 5    He attached to his petition a verification page that he signed, but which he did not have notarized. It says, "Petitioner, Daniel K[.] McCoy, duly sworn, states upon his oath that the facts stated in the forgoing Petition for Post-Conviction Relief *** are true and correct in substance and in fact." Following that page is a properly notarized affidavit that loosely summarizes most of the points in his petition without making the same detailed allegations

-2-

that defendant made in the petition proper.

¶ 6 The court summarily dismissed the petition as without arguable basis in law or fact; it ruled that defendant's claims, taken as true, did not establish substandard performance by counsel. Defendant timely appealed.

¶ 7                                                    II. ANALYSIS

¶ 8 Defendant now asserts that the court erred in its ruling on the merits of the petition. The State responds that reaching the merits is unnecessary. It argues that, under section 122-1(b) of the Act (725 ILCS 5/122-1(b) (West 2010)), a postconviction petition must be *verified*. It further argues that, because the petition's purported verification is not notarized, it fails as a verification. Defendant, in reply, argues that his "signed statement *** should be found to provide sufficient verification pursuant to Section 1-109 of the Code of Civil Procedure, 735 ILCS 5/1-109 ([West] 2010)." Alternatively, he argues that, if we deem that he did not properly verify the petition, we should, based on the language of section 122-1(b), deem that the proceedings were never properly commenced, so that the dismissal should be without prejudice. We agree with the State that defendant did not properly verify the petition. Further, the dismissal must be with prejudice.

¶ 9 The trial court dismissed the petition based on its failure to state the gist of a claim. However, we may affirm the dismissal of a postconviction petition on any basis called for by the record. *People v. Rajagopal*, 381 Ill. App. 3d 326, 329 (2008).

¶ 10 The lack of notarization of defendant's verification is a basis to affirm the petition's dismissal. "Section 122-1(b) of the Act provides that '[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition *** verified by affidavit.' " *People v. Carr*, 407 Ill. App. 3d 513, 515 (2011) (quoting 725 ILCS 5/122-1(b) (West 2008)). "Affidavits filed pursuant to the Act must be notarized to be valid," and a trial court "properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act." *Carr*, 407 Ill. App. 3d at 515. Defendant's verification was not notarized, and so it was not a proper affidavit under the Act.

¶ 11 We further reject defendant's claim that the defective affidavit was nevertheless an acceptable certification pursuant to section 1-109 of the Code of Civil Procedure. We recently held that a petition under the Act cannot be properly verified pursuant to section 1-109. *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 16. In any event, defendant's verification was not in substantial compliance with section 1-109. Section 1-109 provides:

"The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2010).

(The "penalties as provided" are that "[a]ny person who makes a false statement, material

-3-

to the issue or point in question, which he does not believe to be true, in any pleading, affidavit or other document certified by such person in accordance with this Section shall be guilty of a Class 3 felony." 735 ILCS 5/1-109 (West 2010).) Defendant's verification makes no reference to section 1-109 or the Code of Civil Procedure; he has in no way invoked the criminal penalty of section 1-109. Instead, his verification states that he was "duly sworn"–that is, it was made under penalty of perjury. The verification is thus a failed affidavit, not anything substantially similar to a section 1-109 certification.

¶ 12      We also note that defendant's properly notarized affidavit cannot serve as a verification. Although in it defendant swore to the truth of certain broad elements of his petition, the statements were sufficiently vague that he avoided swearing to the truth of the essential details. Thus, the petition remained essentially unverified.

¶ 13      Finally we reject defendant's argument that, because section 122-1(b) of the Act provides that "[t]he proceeding shall be *commenced* by filing with the clerk of the court in which the conviction took place a petition *** verified by affidavit" (emphasis added) (725 ILCS 5/122-1(b) (West 2010)), his postconviction proceeding was never properly commenced, and the dismissal should be without prejudice. In *Carr*, on very similar facts, we affirmed a first-stage dismissal–a with-prejudice dismissal (*People v. Barber*, 381 Ill. App. 3d 558, 560 n.1 (2008))–based on the defendant's failure to properly verify his petition. *Carr*, 407 Ill. App. 3d at 515-16. We will not deviate from that rule here.

¶ 14                                   III. CONCLUSION

¶ 15      For the reasons stated, we affirm the first-stage dismissal of defendant's postconviction petition.

¶ 16      Affirmed.