NOTICE

Decision filed 04/29/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240841-U

NO. 5-24-0841

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 11-CF-22 |
| | ) | |
| BRIAN K. BOWLBY, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justice Hackett concurred in the judgment.
Justice Barberis dissented.

**ORDER**

¶ 1    *Held*:    Dismissal of amended postconviction petition is reversed, and cause is remanded for further proceedings with new counsel, because although the amended petition was accompanied by other supporting documents, the amended petition was not accompanied by an affidavit verifying the claims made therein, as required by section 122-1(b) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(b) (West 2022)).

¶ 2    In this appeal from the second-stage dismissal of the defendant's amended postconviction petition, the defendant contends that this court must reverse the dismissal and remand for further proceedings with new appointed counsel, because although the amended petition was accompanied by other supporting affidavits, the amended petition was not accompanied by an affidavit verifying the claims made therein, as required by section 122-1(b) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(b) (West 2022)). For the reasons that follow, we agree with the defendant. We

1

therefore reverse the judgment of the circuit court of Saline County that dismissed the amended petition, and we remand for further proceedings with new counsel.

¶ 3                    I. BACKGROUND

¶ 4    The facts relevant to this appeal are undisputed, and are as follows. On February 2, 2012, following a jury trial, the defendant was convicted of 18 counts of predatory criminal sexual assault of a child, and 1 count of aggravated criminal sexual abuse. He was thereafter sentenced to an aggregate total of 270 years in prison. His convictions and sentences were upheld following his direct appeal to this court. *People v. Bowlby*, 2015 IL App (5th) 120520-U.

¶ 5    On May 12, 2015, the defendant filed a *pro se* postconviction petition. After the petition was amended by counsel, it was dismissed by the trial court. On appeal, this court reversed the dismissal and remanded for further proceedings with new counsel, because we concluded that the defendant's postconviction counsel provided unreasonable assistance of counsel where counsel failed to attach affidavits or other evidentiary support, or to explain the absence of such supporting documents, for the defendant's postconviction claim that his trial counsel was ineffective because trial counsel operated under a conflict of interest at the time he represented the defendant at trial. *People v. Bowlby*, 2021 IL App (5th) 190334-U, ¶¶ 21-27, 31.

¶ 6    On October 18, 2023, new counsel filed the amended postconviction petition that is the subject of this appeal. The amended petition raised multiple claims of ineffective assistance of trial counsel, and also raised a claim that the defendant was denied a fair trial due to a discovery violation by the State. Although accompanied by other supporting documents, the amended petition was not accompanied by an affidavit verifying the claims made therein, as required by section 122-1(b). The amended petition was accompanied, however, by a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

2

¶ 7    On November 14, 2023, the State filed a motion to dismiss the amended petition, wherein it attacked the petition on its merits, but did not object to the lack of a section 122-1(b) verification affidavit. At a subsequent hearing on the State's motion, the State likewise did not mention the lack of a section 122-1(b) affidavit, and the trial court did not mention it either. On June 25, 2024, the trial court granted the State's motion to dismiss the amended petition. The court first addressed the merits of the petition, stating that the amended petition "failed to make a substantial showing of a constitutional violation" with regard to any of its claims, because the claims were not supported by the record, other evidence, or the supporting documents filed with the amended petition. With regard to the ineffective assistance of counsel claims, the court ruled that "counsel's performance did not fall below an objective standard of reasonableness," and that "[m]ore importantly, counsel's performance would not have changed the outcome of the case, because the evidence of guilt was so overwhelming." The court also found no merit to the claim that the defendant was prejudiced by a discovery violation. The court concluded its order by stating that "[a]s an additional reason to dismiss," the amended petition "was not verified by affidavit as required by section 122-1(b) of the" Act. This timely appeal followed.

¶ 8                                        II. ANALYSIS

¶ 9    The sole issue raised by the defendant in this appeal is whether the trial court's judgment must be reversed, and this cause must be remanded for further proceedings with new counsel, "because post-remand postconviction counsel failed to comply with Supreme Court Rule 651(c) and provide reasonable assistance of counsel, in that she failed to include a [section] 122-1(b) verification affidavit with the amended petition." We begin with an examination of the law relevant to the defendant's claim of error. The Act allows a defendant to collaterally attack a final judgment and is not a substitute for an appeal. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act provides

3

a process where a convicted defendant may assert a substantial denial of his or her constitutional rights which occurred in the defendant's original trial or sentencing hearing. *People v. Towns*, 182 Ill. 2d 491, 502 (1998). During the first stage of postconviction proceedings, the defendant has a "low threshold" and only needs to provide sufficient facts to present the gist of a constitutional claim. *People v. Brown*, 236 Ill. 2d 175, 184 (2010). During the second stage, the legal sufficiency of the postconviction petition is tested. *People v. Domagala*, 2013 IL 113688, ¶ 35. The State may file an answer or move to dismiss at this stage. 725 ILCS 5/122-5 (West 2022). The postconviction petition is dismissed if the defendant fails to make a substantial showing of a constitutional violation through the petition and attached documentation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). A postconviction petition dismissal at the second stage is reviewed *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. "Additionally, when the issue concerns the proper interpretation of a supreme court rule, our review is *de novo*." *People v. Addison*, 2023 IL 127119, ¶ 17.

¶ 10     In postconviction proceedings, the defendant has a statutory, rather than constitutional, right to counsel. 725 ILCS 5/122-4 (West 2022); *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide a "reasonable level of assistance." *Turner*, 187 Ill. 2d at 410. Illinois Supreme Court Rule 651(c) imposes specific duties onto postconviction counsel to ensure that a reasonable level of assistance has been provided. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Rule 651(c) provides as follows:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 11     Filing a 651(c) certificate creates a rebuttable presumption of reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21. "The defendant bears the burden of overcoming that presumption

4

by showing that postconviction counsel did not substantially comply with the strictures of the rule." *Addison*, 2023 IL 127119, ¶ 21. The defendant may overcome this presumption by demonstrating that postconviction counsel did not make all the necessary amendments to a *pro se* petition, including those amendments necessary to overcome any procedural bars. *Addison*, 2023 IL 127119, ¶ 21. If postconviction counsel fails to meet their duties under Rule 651(c), a remand is necessary, regardless of the petition's merit. *Addison*, 2023 IL 127119, ¶ 42.

¶ 12    In this case, the defendant contends that the amended petition filed on October 18, 2023, was deficient because although the amended petition was accompanied by other supporting affidavits, the amended petition was not accompanied by an affidavit verifying the claims made therein, as required by section 122-1(b) of the Act. He notes that the trial court dismissed the amended petition on the merits, but contends that the trial court "also relied in part on" the absence of the section 122-1(b) affidavit. The defendant posits that *People v. Nitz*, 2011 IL App (2d) 100031, is "directly on point and supports a remand for further proceedings." As the defendant points out, the *Nitz* court held that if counsel files an amended petition but fails to include a section 122-1(b) affidavit, then counsel has failed to adequately represent the defendant under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). 2011 IL App (2d) 100031, ¶¶ 17-22. As the defendant further points out, the *Nitz* court came to this conclusion even though the trial court had ruled against Nitz on the merits, not because of the missing affidavit. 2011 IL App (2d) 100031, ¶ 8. The defendant notes that the *Nitz* court explicitly reiterated the rule that "a defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice." 2011 IL App (2d) 100031, ¶ 18. The defendant adds that the Illinois Supreme Court "explicitly rejected harmless error analysis where a lack of compliance with Rule 651(c) was shown" in *People v. Suarez*, 224 Ill. 2d 37, 44-52 (2007). The defendant argues that pursuant to

*Nitz*, the proper remedy in this case is to reverse the dismissal of the amended petition and remand for further proceedings with new counsel. See 2011 IL App (2d) 100031, ¶ 21.

¶ 13    The State counters that this court should examine "a line of unpublished decisions that are both persuasive and well-reasoned," and should conclude that "*Nitz* is no longer good law," as well as that other cases relied upon by the defendant are "readily distinguishable." The State first notes that the Illinois Supreme Court has held that if the State does not object to the lack of a valid affidavit in a motion to dismiss, the State has forfeited consideration of the issue and cannot raise it for the first time on appeal. See *People v. Cruz*, 2013 IL 113399, ¶¶ 19-25. The State then turns to the special concurrence of Justice McLaren in *Nitz*, in which he suggested that the majority's holding was "unnecessary and inappropriate." 2011 IL App (2d) 100031, ¶ 24. Justice McLaren noted that the lack of affidavits "was not raised below by the State or the trial court in any manner," and that instead, "[t]he State moved to dismiss based upon the merits, and the trial court ruled on the merits and dismissed ***." 2011 IL App (2d) 100031, ¶ 24. Thus, Justice McLaren opined, "the entire issue is not justiciable and need not be addressed in this appeal," because "[o]nce the State moved to dismiss on the merits and did not attack or move to dismiss on the issue of the lack of a notarized affidavit, the issue of the need for a proper affidavit, or for verification *by any means*, became moot." (Emphasis in original.) 2011 IL App (2d) 100031, ¶ 25.

¶ 14    The State points out that in *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 27, the court declined to follow *Nitz*, instead holding that "[o]nce the State moved to dismiss on the merits and did not challenge the alleged procedural defects, and once the trial court conducted a hearing, during which neither party raised the alleged procedural defects, and presented its ruling based on the merits, the purported notarization and certification issues became moot." Likewise, in *People v. Turner*, 2012 IL App (2d) 100819, ¶¶ 35-42, the court discussed *Nitz* and *Kirkpatrick* and

6

ultimately adopted the reasoning of Justice McLaren in his *Nitz* special concurrence. The State argues that in light of "the Second District's successive treatment of the case," as well as the holding of the Illinois Supreme Court in *Cruz*, "*Nitz* has effectively been overruled."

¶ 15    The State also seeks to distinguish *People v. Madison*, 2023 IL App (1st) 221360. In that case, the court held "that counsel's failure to amend the petition to include a verification affidavit, which was necessary to avoid second-stage dismissal on procedural grounds, constituted unreasonable assistance." 2023 IL App (1st) 221360, ¶ 39. The court further held that "postconviction counsel acts unreasonably when [counsel] fails to amend a *pro se* petition to provide a proper verification affidavit." 2023 IL App (1st) 221360, ¶ 43. The State notes that *Madison* is factually distinguishable from the present case, because in *Madison*, the State objected to the lack of the verification affidavit in its motion to dismiss and argued for dismissal on that basis at the hearing on its motion. 2023 IL App (1st) 221360, ¶ 44. Moreover, in *Madison*, counsel did not move for leave to amend, and when confronted with the State's arguments, instead rested on the deficient pleadings, which led the trial court to state that it was granting the State's motion to dismiss because of counsel's concessions. 2023 IL App (1st) 221360, ¶ 44.

¶ 16    The State thereafter reiterates its position that in the present case, "[b]ecause the State did not object to the petition's lack of a verification affidavit in the trial court, postconviction counsel was not required to supply one to be in compliance with Rule 651(c)," because any future objection from the State was procedurally defaulted and the defendant could suffer no harm from the lack of the affidavit. With regard to the fact that the trial court in this case listed the absence of the affidavit as an "additional" reason to dismiss the amended petition, the State posits that "given that the State procedurally defaulted the issue, the trial court could not have dismissed the defendant's petition on the basis that it lacked a verification affidavit, as only our supreme court can excuse a party's

7

procedural default." The State asks us to therefore disregard the trial court's statement about its "additional" reason for dismissing the amended petition.

¶ 17 Finally, the State asks this court to consider, and adopt the reasoning of, *People v. Grayson*, 2025 IL App (1st) 211299-U. In that unpublished order, the court held that because the trial court dismissed the defendant's petition on its merits, it did not matter that the trial court listed the absence of a verification affidavit as an additional, alternative reason to dismiss. 2025 IL App (1st) 211299-U, ¶ 15. The *Grayson* court reasoned that the defendant could not show that counsel failed to comply with Rule 651(c) where "[t]he circuit court addressed the merits of [the defendant's] claims despite his petition's procedural deficiencies, and therefore the lack of a verification affidavit is of no moment." 2025 IL App (1st) 211299-U, ¶ 16. The State points out that the *Grayson* decision noted two other decisions in which the First District declined to follow *Nitz*. 2025 IL App (1st) 211299-U, ¶ 18.

¶ 18 In reply, the defendant contends that the primary cases relied upon by the State all involve a different procedural posture than that of this case: the State's primary cases involve attempts *by the State* to seek dismissal of a postconviction petition on the basis of the absence of a verification affidavit, whereas this case involves an attempt *by the defendant* to demonstrate that the absence of a verification affidavit shows a lack of reasonable assistance of counsel, and thus a violation of the requirements of Rule 651(c) and the Act. The defendant contends this case is distinguishable from *Kirkpatrick* because in this case the trial court relied in part on the absence of the affidavit as a reason to dismiss the amended petition, whereas the *Kirkpatrick* court dismissed solely on the merits. See 2012 IL App (2d) 100898, ¶¶ 26-28. With regard to the published opinions cited by the State and their impact on the continuing viability of *Nitz*, the defendant posits that "none of these opinions held that *Nitz* had been abrogated or was no longer good law, as the State suggests."

With regard to the unpublished orders, the defendant asserts that these orders "ignore the binding authority from our supreme court in cases such as *Suarez* \*\*\*," and thus should not be followed. The defendant further asserts that if postconviction counsel "is too inattentive to the [Act] to perform even such a simple and elementary duty as the inclusion of a verified affidavit that takes mere minutes to draft and send to his or her client, it raises a natural question: What else might this attorney have missed?"

¶ 19    The defendant is correct that *Grayson* and its progeny are troubling. The *Grayson* court's ruling relied on two related conclusions: (1) because the trial court dismissed the defendant's petition on its merits, it did not matter that the trial court listed the absence of a verification affidavit as an additional, alternative reason to dismiss (see 2025 IL App (1st) 211299-U, ¶ 15), and (2) the defendant could not show that counsel failed to comply with Rule 651(c) where "[t]he circuit court addressed the merits of [the defendant's] claims despite his petition's procedural deficiencies, and therefore the lack of a verification affidavit is of no moment." 2025 IL App (1st) 211299-U, ¶ 16. These conclusions essentially establish a "no harm, no foul" rule for cases like the present one, wherein a reviewing court may employ a harmless error analysis as long as the trial court based its ruling on the merits of the petition in question, not solely on the basis of a lack of a verification affidavit. Such a rule, however, directly contradicts the Illinois Supreme Court's pronouncement, in *Suarez* and other cases, that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit. See, *e.g.*, *Suarez*, 224 Ill. 2d at 47. As the *Suarez* court noted, the proper analysis "does not depend upon whether the *pro se* or supplemental petitions \*\*\* did or did not contain potentially meritorious issues," but instead is "driven \*\*\* by the conviction that where postconviction counsel does not

9

adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." 224 Ill. 2d at 51. Accordingly, the *Suarez* court refused "to hold that noncompliance with Rule 651(c) may be excused on the basis of harmless error." 224 Ill. 2d at 52.

¶ 20     Likewise, Justice McLaren's special concurrence in *Nitz* (see 2011 IL App (2d) 100031, ¶¶ 24-25), although expressed in terms of mootness, effectively imposes the same "no harm, no foul" rule, and so do the decisions in *Kirkpatrick* (see 2012 IL App (2d) 100898, ¶ 27 ("Once the State moved to dismiss on the merits and did not challenge the alleged procedural defects, and once the trial court conducted a hearing, during which neither party raised the alleged procedural defects, and presented its ruling based on the merits, the purported notarization and certification issues became moot.")), and *Turner*. See 2012 IL App (2d) 100819, ¶¶ 35-42. All of these are contrary to the binding precedent of the Illinois Supreme Court in *Suarez* and other cases, as discussed above. Because the reasoning in these cases requires the reviewing court to depart from binding precedent, and to instead engage in what is essentially a back-door harmless error analysis, we decline to follow them.

¶ 21     The defendant is also correct that the primary cases relied upon by the State involve a different procedural posture than that of this case: the State's primary cases involve attempts *by the State* to seek dismissal on the basis of the absence of a verification affidavit, whereas this case involves an attempt *by the defendant* to demonstrate that the absence of a verification affidavit shows a lack of reasonable assistance of counsel, and thus a violation of the requirements of Rule 651(c) and the Act. This distinction is significant because the purpose of Rule 651(c) is to protect the rights of the defendant, not to protect the State from its own procedural omissions. See, *e.g.*, *Suarez*, 224 Ill. 2d at 47 (purpose of Rule 651(c) " 'is to ensure that all indigents are provided

10

proper representation when presenting claims of constitutional deprivation under the' " Act (quoting *People v. Brown*, 52 Ill. 2d 227, 230 (1972))).

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we reverse the judgment of the circuit court of Saline County that dismissed the amended petition as defendant's counsel failed to adequately represent the defendant under Illinois Supreme Court Rule 651(c), in that counsel failed to include a section 122-1(b) verification affidavit with the amended petition, and we remand for further proceedings with new counsel.

¶ 24    Reversed and remanded for further proceedings with new counsel.

¶ 25    JUSTICE BARBERIS, dissenting:

¶ 26    I respectfully dissent from the majority decision. Unlike the majority, I would decline to follow *Nitz*, 2011 IL App (2d) 100031. I would instead follow *Kirkpatrick*, 2012 IL App (2d) 100898, *Turner*, 2012 IL App (2d) 100819, and *Grayson*, 2025 IL App (1st) 211299-U, as I find those decisions well-reasoned.

¶ 27    As the majority notes, the *Grayson* court's ruling relied on two related conclusions: (1) because the trial court dismissed the defendant's petition on its merits, it did not matter that the trial court listed the absence of a verification affidavit as an additional, alternative reason to dismiss (see 2025 IL App (1st) 211299-U, ¶ 15), and (2) the defendant could not show that counsel failed to comply with Rule 651(c) where "[t]he [trial] court addressed the merits of [the defendant's] claims despite his petition's procedural deficiencies, and therefore the lack of a verification affidavit [was] of no moment." 2025 IL App (1st) 211299-U, ¶ 16. In my view, there is no reason

11

to send the matter back to the trial court to again rule upon the merits of the claims where the court has already done so, and there is no showing in the record that counsel failed to comply with the requirements of Rule 651(c). To remand the case back to the trial court is to delay the inevitable— the dismissal of the case on the merits once more. Such action would be a waste of time and judicial resources.

¶ 28    I would note that my view does not conflict with our supreme court's decision in *Suarez*, 224 Ill. 2d 37. In *Suarez*, our supreme court noted that it had "consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Id.* at 47. In the present case, there has been no showing that postconviction counsel failed to consult with the defendant, examine the record, or amend the *pro se* petition to adequately set forth his claims. Instead, postconviction counsel failed to file a verification affidavit, as required by section 122-1(b) of the Act. *Suarez* did not address postconviction counsel's failure to file a verification affidavit and, in my view, such failure did not constitute noncompliance with the three specific requirements set forth in Rule 651(c). *Suarez* was instead concerned with postconviction counsel's failure to consult with the defendant before filing the petition as mandated by Rule 651(c). *Id.* at 42-44. I reiterate that, here, postconviction counsel filed a certificate of compliance with Rule 651(c) and, in my view, there is nothing in the record rebutting the presumption that counsel complied with the specific requirements of that rule.

¶ 29    Moreover, in *Suarez*, our supreme court reviewed several cases and noted that it had refused to "speculate" whether the trial court may have dismissed the defendant's postconviction petition on the merits. *Id.* at 47-49 (our supreme court would not " 'presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had

12

adequately performed his duties under Rule 651(c)' " (quoting *People v. Johnson*, 154 Ill. 2d 227, 246 (1993))); *Turner*, 187 Ill. 2d at 416 (our supreme court refused to speculate on whether the trial court would have dismissed the petition without an evidentiary hearing had counsel adequately performed his duties under Rule 651(c)). Here, we are not left to speculate as to whether the trial court would have dismissed the petition without an evidentiary hearing had counsel filed the verification affidavit required by section 122-1(b) of the Act. The court expressly concluded that the amended petition "failed to make a substantial showing of a constitutional violation" with regard to any of its claims, because the claims were not supported by the record, other evidence, or the supporting documents filed with the amended petition. I would additionally note that this court "may affirm the trial court when correct for any reason appearing in the record." *People v. Perkins*, 2018 IL App (1st) 133981, ¶ 53. Here, I would conclude that the court properly dismissed the claims on the merits.

¶ 30    For these reasons, I would affirm the judgment of the circuit court of Saline County.